IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK08-41924-TLS |
| | ) | |
| WILLIAM H. GRUBHAM, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

Hearing was held in Lincoln, Nebraska, on October 15, 2008, on a Motion to Avoid Lien filed by Debtor (Fil. #3), and a Resistance thereto filed by judgment lien creditor Emmett Smith (Fil. #7). Gregory J. Beal appeared for Debtor, and Kristen D. Mickey appeared for Emmett Smith. The motion is denied without prejudice to Debtor's right to file an amended motion with supporting evidence.

Debtor brought this proceeding under 11 U.S.C. § 522(f)(1)(A) asserting that Debtor is entitled to avoid a judgment lien held by Mr. Smith on the grounds that it impairs Debtor's homestead exemption in certain real property. Unfortunately, no evidence was presented to support Debtor's motion. As the moving party on a motion to avoid a lien, "the debtor bears the burden of proving by a preponderance of the evidence all the elements required to establish his entitlement to lien avoidance . . . ." *Soost v. NAH Inc. (In re Soost)*, 262 B.R. 68, 74 (B.A.P. 8th Cir. 2001). Debtor has failed to meet this burden.

The Nebraska Supreme Court has made clear that the purpose of the homestead exemption is "the preservation of the family." *Landon v. Pettijohn*, 231 Neb. 837, 843, 438 N.W.2d 757, 761 (1989). In bankruptcy court the homestead statutes have been interpreted to permit married couples, with or without dependents, and single persons with dependents to claim a homestead exemption. *See In re Roberts*, 211 B.R. 696 (Bankr. D. Neb. 1997) and 215 B.R. 197 (Bankr. D. Neb. 1997), *aff'd*, 219 B.R. 235 (B.A.P. 8th Cir. 1998).

In particular, no evidence was provided to support whether Debtor is or was a married person or a head of family. Further, there is no evidence as to when Debtor acquired the property or the status of title to the property. There was some argument (but no evidence) that Debtor has an estranged wife who lives out of state. No evidence was presented as to the status of the divorce proceedings between Debtor and his wife, or whether Debtor and wife ever lived in the subject property as their marital homestead.

Further, there was quite a bit of discussion regarding Mr. Smith's judgment lien and whether he is a co-owner of the property and/or whether he still has any claim pursuant to a purchase agreement for part of the property. In evidence, however, is a purchase agreement whereby Mr. Smith agreed to purchase from Debtor a defined portion (but not all) of the subject property. In lieu of a fixed purchase price, Mr. Smith agreed to pay certain monetary obligations encumbering the property and to obtain subdivision approval from the appropriate governmental authorities in order for the property to be sold. It is unclear whether the part of the property he tried to purchase

includes the dwelling in which Debtor resides. For his part, Debtor agreed to convey the defined portion of the property to Mr. Smith and to cause his estranged wife to also convey that property. However, for one reason or another, Debtor did not do so. According to the affidavits, Mr. Smith sued Debtor for the amount he paid out-of-pocket with respect to the property and obtained a judgment, which he transcribed to the district court in the county in which the property is located. No evidence regarding the complaint or the judgment itself was provided. Debtor argues that Mr. Smith has elected his remedy and that the purchase agreement has merged into the judgment. While that may or may not be true, since no evidence of the underlying lawsuit or the judgment itself was introduced, it is impossible for this Court to determine whether Mr. Smith still has any other claims with respect to the property under the purchase agreement.

Further, evidence was presented indicating that Mr. Smith obtained a quitclaim deed at some point from Debtor's estranged wife. However, it is impossible to determine whether that quitclaim deed was the result of the purchase agreement, the judgment, or some independent consideration. While all of those issues seem to complicate this matter, the basic issue in front of this Court is whether Debtor is entitled to avoid the judgment lien of Mr. Smith as to the subject property. As discussed above, lacking any evidence regarding Debtor's entitlement to the homestead exemption and regarding the judgement itself, this Court is unable to provide Debtor with the requested relief.

IT IS, THEREFORE, ORDERED that Debtor's Motion to Avoid Lien (Fil. #3) is denied, without prejudice to Debtor's right to file an amended motion with supporting evidence.

DATED: October 16, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Gregory J. Beal
    *Kristen D. Mickey
    Philip M. Kelly
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.